UNITED STATES DISTRICT COURT'
MIDDLE DISTRICT OF FLORIDA

Case Number:

MARCUS BODIE,

     Plaintiff,

vs.

TOWNE PARK SERVICES, LLC.,

     Defendant

_____/

## Complaint for Damages and Injunctive Relief — Jury Trial Demanded

### Count I - Violation of 42 U.S.C. § 1981

Plaintiff, Marcus Bodie, sues defendant, Town Park Services LLC, and as grounds shows:

### Introduction

1.    This is a race-discrimination action brought by plaintiff, Marcus Bodie, an African-American, to whom defendant, Towne Park Services LLC, offered a position as a valet parking attendant, which it later withdrew because of an alleged delay in Bodie's submitting to a pre-employment drug test. In reality, defendant never scheduled the drug test because the hiring manager never intended to hire Bodie. Bodie seeks all the relief available under 42 U.S.C. § 1981, damages, punitive damages, injunctive relief, attorney's fees and litigation expenses.

## Jurisdiction, Parties, Venue

2.     This court has jurisdiction pursuant 28 U.S.C. §§ 1331 (federal question).

3.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because the claims arose there at 100 Coronado Drive, Clearwater Beach, Florida 33567 in Pinellas County and the defendant is subject to personal jurisdiction there.

4.     At all material times, plaintiff, Marcus Bodie, is and was protected from racial discrimination in employment by 42 U.S.C. § 1981.

5.     At all times material, defendant, Towne Park Services LLC ('Towne Park") was a party with whom Bodie was entitled to enjoy contractual rights, as contemplated by § 1981.

## Satisfaction of Conditions Precedent

6.     Plaintiff has performed all conditions precedent to the bringing of this action.  Any not performed would be futile or have been waived.

## General Allegations

7.     Bodie, on or about April 4, 2019, read a Zip Recruiter ad on the internet offering a valet parking attendant position for $12-$14 per hour.

8.     Bodie filled out an online application and began receiving responses shortly thereafter.

9.     One response to Bodie's application came from Towne Park where a manager who said his name was Will Wyn set up an interview date for April 10, 2019 at 10:30 a.m.

10.     The interview was to take place at Wyndham Hotel Resort in Clearwater, Florida where Towne Park operated a parking concession.

11.     When Bodie arrived for the interview Will Wyn was not there and he learned that the interview was to be conducted by another Towne Park manager, Brian Mendes.

12.     Mendes at all times material, from the beginning of the interview April 10 through his notification to Bodie May 1 that all of the open positions had been filed, was acting within the scope and course of his employment as a manager with Towne Center.

13.      Bodie's interview with Mendes lasted 40 minutes. At the conclusion, Mendes told Bodie he "liked" Bodie and would do his best to see that Bodie got the job.

14.     Mendes also told Bodie that Bodie would be emailed an appointment for a urine test which Bodie would have to take within 72 hours.

15.     Mendes asked Bodie to stay in contact with Mendes to confirm receipt of the urine test appointment email.

16.     Shortly after the interview Mendes notified Bodie that his application for a job had been approved for hiring by upper management, provided he completed the urine test and it came back clean.

17.     After the job interview date of April 10, 2019 through May 1, 2019 there followed a series of 22 texts between Bodie and Mendes.

18. Bodie's texts reported that he had not received any emails setting up an appointment for a urine test.

19.    Mendes's texts replied that he would have to "get on" whichever Towne Park entity had failed to send Bodie an email setting up an appointment for a urine test after the interview.

20.    Then on May 1, 2019 Bodie received, with no forewarning, a text from Mendes that said, "Marcus, unfortunately do [sic] to all the delay we've filled our staffing needs for the current time. My sincerest apologies for all the running around. Check back with me in a few weeks to see if some positions have opened up. Have a wonderful day, Marcus."

21.    On May 9, 2019 Bodie responded in a text message to Mendes, "I am upset and sad that I didn't get hired after you promised me it was a done deal. What honestly happened because it seems you filled the positions fast and it did not take them nearly as long to get them drug tests and hired as it did me." Mendes never responded to Bodie.

22.    Bodie's race was a substantial or motivating factor in the decision to treat him as Towne Park did and not to hire Bodie.

23.    The actions of Towne Park as alleged above had the purpose and effect of denying Bodie the same right to make and enforce contracts as is enjoyed by white citizens, in violation of Bodie's rights under 42 U.S.C.§ 1981.

24.    The actions of Towne Park in treating Bodie as it did and refusing to hire him as alleged above were intentionally and purposefully done to Bodie because of his race.

25.    As a direct, natural, proximate and foreseeable result of Towne Park's actions, Bodie has suffered past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

26.    The actions of Towne Park exhibited oppression, malice, gross negligence, willful or wanton misconduct, or a reckless disregard for plaintiff's civil rights so as to entitle Bodie to an award of punitive damages against Towne Park to punish it for its conduct and to deter it and others like it from such conduct in the future.

27.    Bodie is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 1988.

28.    Bodie, having been discriminated against by Towne Park has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

29.    The discriminatory actions of Towne Park towards Bodie, in which actions higher management participated, of which actions higher management was aware and which higher management ratified, were in such reckless disregard of Bodie's statutory rights against discrimination as to entitle him to an award of punitive damages.

WHEREFORE, plaintiff, Marcus Bodie, prays that this Court will:

a.     Issue a judgment that Towne Park's  behavior towards Bodie was a violation of his rights under 42 U.S.C. § 1981;

b.     Enjoin defendant to make plaintiff whole through instatement or, if that is not feasible as a make-whole remedy, to award plaintiff front pay;

c.     Grant plaintiff judgment against defendant, for damages, including punitive damages;

d.     Grant plaintiff his reasonable attorneys' fees and litigation expenses against defendant; and

e.     Provide any other relief that is appropriate.

### Demand for Jury Trial

Bodie demands trial by jury on all issues so triable.

Respectfully Submitted,

THE AMLONG FIRM
Attorneys for Plaintiff
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301-1154
(954) 462-1983

-s- Karen Coolman Amlong
KAREN COOLMAN AMLONG
Florida Bar No: 275565
KAmlong@TheAmlongFirm.com
BARBARA GOOLSBY
Florida Bar No: 293581
BGoolsby@TheAmlongFirm.com

\\amlong3\cpshare\CPWin\HISTORY\210325_0001\174F.54